Herman Roderick
vs. } No. 92629.
Agema W. Dennett

December 28, 1934.

CAPOTOSTO, J. The jury returned a verdict of $2,500 in favor of the plaintiff for injuries resulting from defendant's automobile. The plaintiff moves for a new trial on the question of damages only, while the defendant claims a new trial on the grounds of no liability, excessive damages, and newly discovered evidence. No new evidence has been produced, so that the last ground of defendant's motion is disregarded.

The accident happened on Metacom Avenue, Bristol, which, generally speaking, runs north and south. At the point in question, the road is straight, 30 feet wide over all, with grass on either side. The highway is peculiarly constructed in that it has a 5 foot strip of smooth concrete on each side next adjoining the grass. The remaining 20 feet between these two strips is crowned and finished in a rough surface. It is quite evident that the two 5 foot smooth lanes on either side of the 20 foot rough centre surface are intended primarily for the use of pedestrians.

The accident happened about 3 o'clock in the afternoon of August 8,

1933. Although the sky was overcast, it was not raining at the time.

The plaintiff, then about 20 years old, was returning home in company with three other young men from a near-by bathing beach. His testimony is that as they were walking in pairs in a southerly direction on Metacom Avenue and on the westerly smooth strip of the road, he was called by a little girl from some distance in the rear; that this little girl, who was on the same westerly strip and close to the grass on the westerly side of the highway, held up a paper bag which he had dropped from his pocket; that he went back, got the bag from the little girl, turned around to rejoin his companions and after taking a step or two in their direction was suddenly struck by the defendant's automobile. He remembers nothing more until five days later when he found himself in the Truesdale Hospital in Fall River.

His companions, who also stated positively that they were all walking on the smooth surface at the westerly side of the road, in substance testified that when the plaintiff went back for his bag, they saw the defendant's automobile coming south towards them on the westerly half of the rough finished part of the highway; that the driver came so close to the group that one of them had to pull one of his friends aside to prevent him from being hit; that an instant or so later they heard a bang and, turning around, saw the plaintiff stretched out on the road with his feet close to the grass plot on the westerly side of the road and the car stopping some appreciable distance beyond.

The defendant's version of the occurrence is that she was returning to her home in Adamsville, Massachusetts, after a pleasure ride in company with her sister, an invalid aunt and a nurse; that she was driving in a southerly direction on the westerly

half of the rough surfaced part of Metacom Avenue at a speed of not more than 30 miles an hour, when she saw these young people and some little girls on the highway in front of her taking up about one-half of the westerly half of the road; that when she was about 40 feet from these persons she pulled to her left without reducing her speed and that as she was passing them she saw a blur of white strike the right side of the body of her car; that she put on her brakes, stopped within about length and one-half, looked back, saw some one stretched out on the road to her right, and then pulled over to the extreme westerly side of the road to free traffic.

The parking light on the fender of the automobile and the handle of the door of the car were broken off in the accident.

That the plaintiff was seriously injured is beyond question. He had a concussion of the brain, a fracture of the lower right leg with muscles gouged away and bones protruding, deep lacerations of the left fore-arm, and other substantial abrasions on various parts of the body. He remained in the Truesdale Hospital for 102 days. The Court cannot allow this occasion to pass without a word of commendation for Dr. Clarence C. McCreery of that institution. Aside from our appreciation of his professional skill, we were refreshed by the sincerity of his testimony. He told things as they were, without the slightest attempt to speculate or magnify when the temptation and opporunity were so manifest. In his opinion, the plaintiff's recovery has been such as to discount any serious permanent consequences. In view of this testimony, the verdict of $2500, although conservative, is not such as to warrant the granting of a new trial to the plaintiff.

On the question of liability, which

is the main ground relied on by the defendant in her motion for a new trial, the Court feels that the facts produced in evidence present a square conflict of testimony. Under such circumstances, the problem is peculiarly one for the jury. After a careful consideration of all the testimony, the Court does not feel warranted in saying that the jury was not justified in reaching the conclusion which it did even though a contrary finding might have been made.

Plaintiff's motion for new trial on ground of damages alone is denied.

Defendant's motion for new trial on all grounds stated is denied.

For plaintiff: Max Winograd.

For defendant: Sherwood & Clifford.